UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **EMILY OSTERLING,** | : | **CASE NO. 1:18-cv-651** |
| **Plaintiff,** | : | |
| v. | : | **JUDGE** |
| **LAKOTA LOCAL SCHOOL DISTRICT BOARD OF EDUCATION** | : | |
| and | : | |
| **JULIE SHAFFER, IN HER INDIVIDUAL AND OFFICIAL CAPACITY,** | : | **PLAINTIFF'S COMPLAINT AND JURY DEMAND** |
| and | : | |
| **BRAD LOVELL, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY,** | : | |
| and | : | |
| **KELLEY CASPER, IN HER INDIVIDUAL AND OFFICIAL CAPACITY,** | : | |
| and | : | |
| **LYNDA O'CONNOR, IN HER INDIVIDUAL AND OFFICIAL CAPACITY,** | : | |
| and | : | |
| **TODD PARNELL, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY,** | : | |
| **Defendants.** | | |

COMES NOW Plaintiff Emily Osterling, by and through her legal counsel, and for her Complaint against Defendants Julie Shaffer, Brad Lovell, Kelley Casper, Lynda O'Connor, and Todd Parnell (collectively, "Lakota School Board Members") and the Lakota Local School District Board of Education (the "Lakota School Board"), collectively referred to hereinafter as "Defendants," alleges as follows:

PARTIES

1. Plaintiff Emily Osterling is a resident of this judicial district and is an employee of Defendant.

2. Defendant Julie Shaffer is both a member and President of Defendant Lakota Local School District Board of Education. She is sued here in her official and individual capacity.

3. Defendant Brad Lovell is both a member and the Vice President of Defendant Lakota Local School District Board of Education. He is sued here in his official and individual capacity.

4. Defendant Kelley Casper is a member of Defendant Lakota Local School District Board of Education. She is sued here in her official and individual capacity.

5. Defendant Lynda O'Connor is a member of Defendant Lakota Local School District Board of Education. She is sued here in her official and individual capacity.

6. Defendant Todd Parnell is a member of Defendant Lakota Local School District Board of Education. He is sued here in his official and individual capacity.

7. Defendant Lakota Local School District Board of Education is the Board of Education for the Lakota Local School District. The District is located in this judicial district, and the Lakota School Board is the employer of Plaintiff and Defendant Board Members. As the employer of the Lakota School Board Members it is vicariously liable for their acts and omissions undertaken pursuant to its customs, policies, and/or practices.

JURISDICTION AND VENUE

8. This Court has jurisdiction over this Complaint, as Plaintiff is asserting claims under 42 U.S.C. § 1983 for violations of her First Amendment rights.

9. Venue is proper in this district because a substantial part of the events giving rise to this action occurred in this district.

## BACKGROUND

10. Plaintiff was originally hired by Defendant Lakota School Board as an instructional aid in its Special Education Department in 2001.

11. In 2003, Plaintiff was promoted to the position of Intervention Specialist. She was awarded a continuing contract in that position in 2006. She became the Chair of her Department at Liberty Junior High School in 2013.

12. Plaintiff comes from a family of educators, and is sincerely devoted to the profession of teaching.

13. Plaintiff was educated herself in Defendants' school district, and her mother taught in the district for over 30 years.

14. Plaintiff has always earned either "skilled" or "accomplished" ratings on her performance evaluations. Her most recent (2017-2018) evaluation rated her as "accomplished," the highest evaluation rating possible in the district.

15. Plaintiff's most recent evaluation described her as providing "excellent organization and feedback," and helping to "create a positive culture that all children can strive to succeed."

16. The parents of Plaintiff's students have consistently commended her work with their children, with parents praising Plaintiff for – by way of example – going "way above what any other teacher ever has," and being a "well educated and caring teacher."

17. Plaintiff's quality of work and contributions to her school were further recognized when, in March 2018, her school's Principal asked her to take over teaching the Resource Room Science Class, in order to ensure that the students were fully prepared to take the state Alternate Assessment test.

18. In the summer of 2017, in an exercise of the rights guaranteed her by the First Amendment to the United States Constitution, Plaintiff began publicly advocating on behalf of transgender students in Defendants' district.

19. In late 2017, Defendant Lakota School Board was considering adopting a policy on gender identity and gender issues.

20. As a private citizen, Plaintiff addressed the Board, at multiple public meetings, regarding what she believed to be the proper and appropriate treatment of transgender students.

21. Plaintiff's opinions were not popular with several Board members.

22. The Board ultimately decided not to adopt the policy Plaintiff had publicly advocated.

23. Almost immediately after Plaintiff's expression of her opinions on these issues of public concern, and in retaliation for her exercise of her First Amendment rights, certain administrators employed by the Board began to gather documentation from Plaintiff's peers, in an effort to build a "case" to terminate her teaching contract.

24. On May 17, 2018, Plaintiff was informed that she was the subject of a fact-finding meeting, and that Defendants were moving to terminate her employment.

25. Prior to May 17, 2017, Plaintiff had never been advised of any alleged performance issues, and had never received any notice of any complaints made about her.

26. In fact, Plaintiff had never previously been the subject of any disciplinary action whatsoever during the entirety of her lengthy employment with Defendant Lakota School Board.

27. Significantly, none of the documentation developed for the unjustified attack on Plaintiff's employment was gathered until **after** the December 2017 Board meeting at which the Board declined to adopt Plaintiff's proposed policy on transgender students.

28. On the basis of the flimsy and retaliatory allegations made against her, Plaintiff was placed on administrative leave by Defendants on or around June 17, 2018.

29. On September 4, 2018, Defendants passed a resolution to initiate proceedings to terminate Plaintiff's employment, and suspended her without pay.

30. Defendants gave Plaintiff absolutely no opportunity to improve on any alleged performance deficiencies before initiating termination proceedings.

31. The district's normal and customary normal practice when a teacher is believed to be under-performing is to address the alleged issues through progressive discipline.

32. Defendants, however, refused to use progressive discipline of any kind with Plaintiff, and instead moved immediately to initiate termination proceedings.

33. Defendants do not have just cause to terminate Plaintiff – an employee who had earned sterling evaluations and high praise from parents, administrators, and colleagues for almost two decades, and who had a literally spotless work record throughout her employment with the district.

34. Defendants, at all times relevant hereto and described herein, acted under color of law.

35. Defendants' actions against Plaintiff were taken in retaliation for her speaking out on an issue of public concern, and deprived Plaintiff of her First Amendment right to freedom of speech.

36. As a result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer harm in the form of lost wages and benefits, diminished earning capacity, mental anguish, emotional distress, fear, humiliation, anxiety, embarrassment, and impairment of her reputation.

37. Defendants' violation of Plaintiff's federally protected rights was intentional, reckless, and malicious, and exhibited a conscious disregard of the rights and safety of other persons that had a great probability of causing substantial harm.

WHEREFORE, Plaintiff hereby demands judgment against Defendants as follows:

1. For reinstatement to her former position, with restoration of all rights of seniority lost due to her suspension and/or discharge;

2. For all lost back pay and benefits resulting from her suspension and/or discharge;

3. For injunctive relief prohibiting Defendants from further violations of Plaintiff's First Amendment rights to free speech and expression;

4. For an order prohibiting Defendants from retaliating against her for bringing this action;

5. For an award of compensatory damages in an amount to be determined at trial;

6. For an award of punitive damages in an amount to be determined at trial;

7. For an award of attorneys' fees, court costs, and expenses of litigation incurred in the prosecution of this action;

8. All other and further relief to which Plaintiff may be entitled.

> */s/ Stephen E. Imm*
> _____
> Stephen E. Imm (0040068)
> Christopher P. Finney (0038998)
> Matthew S. Okiishi (0096706)
> FINNEY LAW FIRM, LLC
> 4270 Ivy Pointe Blvd., Suite 225
> Cincinnati, Ohio 45245
> (513) 943-5678
> (513) 943-6669-fax
> Stephen@finneylawfirm.com
> chris@finneylawfirm.com
> matt@finneylawfirm.com
> *Attorney for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

> */s/ Stephen E. Imm*
> _____
> Stephen E. Imm (0040068)